UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH WEATHERS III,** | : |
| | : |
| Petitioner | CIVIL ACTION NO. 3:25-787 |
| | : |
| v. | (JUDGE MANNION) |
| | : |
| **WARDEN OF FCI-ALLENWOOD MEDIUM,** | |
| | : |
| Respondent | : |

## MEMORANDUM

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' refusal to award time credits towards a federal sentence under the First Step Act. The petition will be dismissed for failure to exhaust administrative remedies.

I. **BACKGROUND**

Petitioner, Joseph Weathers III, is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving an 84-month sentence for possession of fentanyl with intent to distribute and unlawful possession of a firearm by a felon. (Doc. 8-2 at 2). Weathers filed the instant petition on May 5, 2025. (Doc. 1). He seeks a writ of habeas corpus compelling the BOP to award him time credits under the FSA. (*Id.*) He notes that he has been

deemed ineligible to have time credits applied to his sentence because he has been deemed to have a high risk of recidivism, but he notes that he has petitioned the warden of FCI-Allenwood to deem him eligible for FSA credit as allowed by the FSA. (*Id.*)

Respondent responded to the petition on June 17, 2025, arguing that it should be dismissed for failure to exhaust administrative remedies because Weathers has not filed any administrative remedy requests during his time in BOP custody. (Doc. 8). Respondent alternatively argues that the petition fails on its merits. (*Id.*) Weathers has not filed a reply brief in support of his petition, and the deadline for doing so has expired. The petition is accordingly ripe for judicial review.

## II.   DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own

errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. *Id.* §§542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

In this case, respondent has produced evidence showing that Weathers failed to file any administrative remedy requests during his time in BOP custody. (Doc. 8-2 at 4; Doc. 84). Weathers has not refuted this evidence through the filing of a reply brief or any other response, nor has he

advanced any argument to excuse his failure to exhaust administrative remedies in his original petition. (*See* Doc. 1). Dismissal of the petition is therefore appropriate for Weathers's failure to exhaust administrative remedies.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus for failure to exhaust administrative remedies. An appropriate order shall issue.

                                    */s/ Malachy E. Mannion*
                                    Malachy E. Mannion
                                    United States District Judge

Dated: 9/23/25
25-787-01